IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALYCEA J. KRAENBRING,<br><br>        Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-2683 (JBS)<br><br>**OPINION** |

APPEARANCES:

Alan H. Polonsky, Esq.
POLONSKY AND POLONSKY
512 S. White Horse Pike
Audubon, NJ 08106
    Attorney for Plaintiff

Evelyn Rose Marie Protano
Special Assistant U.S. Attorney
Social Security Administration
Office of the General Counsel
300 Spring Garden Street, 6th Floor
Philadelphia, PA 19101
    Attorney for Defendant Commissioner of Social Security

**SIMANDLE**, District Judge:

I. **INTRODUCTION**

    This matter comes before this Court pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner of the Social Security Administration (hereinafter "the Commissioner") denying Plaintiff Alycea J. Kraenbring's (hereinafter "Plaintiff") application for disability benefits

under Title XVI of the Social Security Act, 42 U.S.C. § 401, et seq. Plaintiff, who allegedly suffers from Sjögren's syndrome, tendonitis of the right ankle, osteoarthritis of the right hip and knees bilaterally, degenerative disc disease of the lumbar spine, obesity, affective disorder, and anxiety disorder, was denied benefits for the period beginning on September 10, 2013, the alleged onset date of disability, to February 9, 2017, the date on which Administrative Law Judge Karen Shelton (hereinafter "ALJ Shelton" or "the ALJ") issued a thorough written decision.

In the pending appeal, Plaintiff argues that the ALJ's decision must be reversed and remanded on numerous grounds, including that the ALJ erred by: finding that Plaintiff did not have any non-exertional impairments; improperly determining Plaintiff's residual functional capacity; and finding that Plaintiff could return to prior work. Plaintiff also asserts that this case should be remanded due to information regarding a surgery that Plaintiff underwent subsequent to the ALJ's decision, which Plaintiff contends constitutes new and material evidence regarding Plaintiff's claims. For the reasons stated below, the Court will vacate the decision of the ALJ and remand

for further proceedings to consider new and material medical evidence consistent with this Opinion.[1]

## II. BACKGROUND

### A. Procedural History

Plaintiff filed her application for Social Security disability benefits on August 21, 2014, alleging an onset date of September 10, 2013. (Administrative Record (hereinafter "Admin. Rec.") [Docket Item 4], 14.) Plaintiff's claim was denied by the Social Security Administration on January 25, 2015. (Id.) Her claim was again denied upon reconsideration on April 2, 2015. (Id.) Plaintiff next testified in person before ALJ Karen Shelton on November 29, 2016. (Id.) ALJ Shelton issued an opinion on February 9, 2017, denying Plaintiff benefits. (Id. at 25.) On April 6, 2017, the Appeals Council denied Plaintiff's request for review. (Id. at 1-3.) This appeal timely follows.

### B. Medical History & ALJ Decision

The Court shall only recite those facts relevant to the disposition of the present motion.

Plaintiff was diagnosed with severe osteoarthritis of the right hip joint in November 2016. (Id. at 21-22.) Subsequently, Plaintiff received certain injections into her hip, which

---

[1] As the Court will remand this case for the consideration of new and material evidence regarding Plaintiff's claims, which was not available to the ALJ at the time of her prior decision, the Court shall not address—and offers no opinion of—Plaintiff's assertions regarding the sufficiency of the ALJ's decision in this case.

3

temporarily reduced her pain and allowed her to walk more easily. (Id. at 22.) Hip surgery was recommended in the event that the hip injections proved to be insufficient to manage Plaintiff's condition. (Id.)

In a written decision dated February 9, 2017, ALJ Shelton determined that Plaintiff was not disabled within the meaning of the Social Security Act from September 10, 2013, the alleged disability onset date, through February 9, 2017, the date of the ALJ's decision. (Id. at 25.)

Using the five-step sequential evaluation process, the ALJ determined at step one that Plaintiff had not engaged in any substantial gainful activity since September 10, 2013, the alleged onset date of disability. (Id. at 16.)

At step two, the ALJ found that Plaintiff had severe impairments due to Sjögren's syndrome, tendonitis of the right ankle, osteoarthritis of the right hip and knees bilaterally, degenerative disc disease of the lumbar spine, and obesity. (Id. at 16-18.) Notably, the ALJ determined that Plaintiff's mental impairments, including affective disorder and anxiety disorder, were not severe. (Id.)

Next, at step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, meet the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Id. at 18-19.) Specifically, in considering whether

Plaintiff's osteoarthritis of her right hip reached the severity level of a listed Major Joint Dysfunction, 1.02, the ALJ noted that Plaintiff was undergoing hip injections, which the ALJ described as "conservative treatment" that was "actually helpful and improved [Plaintiff's] ambulation." (Id. at 18, 20, 22, 24.) The ALJ further stated that, while "surgery was recommended, the record indicates that it was mentioned as the next step if injections failed." (Id. at 22.) The ALJ appears to have relied, at least in part, on these findings to support the conclusion that Plaintiff's osteoarthritis did "not meet or medically equal the criteria of section 1.02." (Id. at 18.)

Between steps three and four, the ALJ needed to determine Plaintiff's Residual Functional Capacity ("RFC"). The ALJ found that Plaintiff had the RFC to perform "sedentary work" except that:

> she can stand/walk for 2 hours and sit for 6 hours in an 8-hour workday, but must have the option to sit for 5 minutes after 30 minutes of standing/walking and stand for 5 minutes after 30 minutes of sitting; can only occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds; can occasionally stoop, kneel, crouch or crawl; and can only frequently handle and finger.

(Id. at 19-24.) In determining Plaintiff's RFC, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Id. at 19.) The ALJ

5

largely discounted the medical opinions of Plaintiff's treating physicians, Dr. Joann Eufemia, Dr. Cynthia Genovese, Dr. Frederick Vivino, and Dr. Erik Thorell, as the ALJ considered these opinions to be inconsistent with the record and inconsistent with the doctors' "limited" or "conservative" non-surgical treatment of Plaintiff's conditions. (Id. at 22-23.) Finally, the ALJ gave "great weight" to the opinions of the state agency medical consultants who had reviewed the record in January and April of 2015 at the request of the Administration and stated that Plaintiff was "capable of light duty work." (Id. at 24, 77-87, 89-98.) However, the ALJ ultimately found Plaintiff to be "slightly more limited" due to the evidence of osteoarthritis, which was diagnosed subsequent to the medical consultants' review of Plaintiff's records. (Id. at 24.)

Based on Plaintiff's RFC and testimony from a vocational expert, the ALJ found, at step four, that Plaintiff was "capable of performing past relevant work as a purchasing clerk and production coordinator," and that "[t]his work does not require the performance of work-related activities precluded by [Plaintiff's] residual function capacity." (Id. at 24-25.) Accordingly, the ALJ found that Plaintiff was not disabled. (Id. at 25.)

On May 2, 2017, subsequent to both the ALJ's decision and the Appeals Council's decision, the treatment with injections

having been unsatisfactory, Plaintiff received a total hip replacement and underwent a month of rehabilitation. (See Plaintiff's Brief (hereinafter "Pl.'s Br.") [Docket Item 7], 25-26; see generally Inpatient Discharge Summary [Docket Item 7-1].) It is this post-hearing medical information that the Plaintiff argues is new and material and supportive of her disability claim.

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's decision pursuant to 42 U.S.C. § 405(g). The Court's review is deferential to the Commissioner's decision, and the Court must uphold the Commissioner's factual findings where they are supported by "substantial evidence." 42 U.S.C. § 405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001); Cunningham v. Comm'r of Soc. Sec., 507 F. App'x 111, 114 (3d Cir. 2012). Substantial evidence is defined as "more than a mere scintilla," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 400 (1971); Hagans v. Comm'r of Soc. Sec., 694 F.3d 287, 292 (3d Cir. 2012) (using the same language as Richardson). Therefore, if the ALJ's findings of fact are supported by substantial evidence, the reviewing court is bound by those findings, whether or not it would have made the same determination. Fargnoli, 247 F.3d at 38. The Court may not weigh

the evidence or substitute its own conclusions for those of the ALJ. Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).

However, the District Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984); Cunningham, 507 F. App'x at 120. Evidence is considered "new" if it is "not merely cumulative of what is already in the record." Szubak, 745 F.2d at 833 (citing Bomes v. Schweiker, 544 F.Supp. 72, 75–76 (D. Mass. 1982)). In order to be "material," evidence must be "relevant and probative" and must "relate to the time period for which benefits were denied." Id. (citing Chaney v. Schweiker, 659 F.2d 676, 679 (5th Cir. 1981); Ward v. Schweiker, 686 F.2d 762, 765 (9th Cir. 1982)).

Remand is not required where the new evidence would not affect the outcome of the case. Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005).

**IV. DISCUSSION**

Plaintiff asserts that information regarding her hip replacement surgery of May 2, 2017, as described, supra, should

be taken into consideration with respect to Plaintiff's disability claim for the period of September 10, 2013 to February 9, 2017. (See Pl.'s Br. [Docket Item 7], 25-26.) Plaintiff has also submitted medical records related to that surgery and subsequent medical treatment. (See Inpatient Discharge Summary [Docket Item 7-1].) The Court interprets this request as seeking remand of this case to the Commissioner for the consideration of new and material evidence, pursuant to 42 U.S.C. § 405(g). The Commissioner asserts that information regarding Plaintiff's subsequent surgery cannot be used to perform a "substantial evidence" review of the ALJ's opinion.[2] (See Brief in Opposition (hereinafter "Comm'r Br.") [Docket Item 10], 27 n.10.) However, the Commissioner does not deny that this Court has the authority to remand this case for the consideration of new and material evidence under 42 U.S.C. § 405(g). (See id.) Remanding this case for the consideration of new and material evidence under 42 U.S.C. § 405(g) does not necessitate any review of the propriety of the ALJ's opinion. The Court must instead analyze the nature of the additional

---

[2] The Commissioner also asserts that Plaintiff has not submitted medical evidence of her hip replacement surgery. (See Comm'r Br. [Docket Item 10], 27 n.10.) However, Plaintiff indeed submitted documentation of her hip replacement surgery as an attachment to her initial brief in this appeal. (See Inpatient Discharge Summary [Docket Item 7-1]; see also Plaintiff's Reply [Docket Item 11], 3 on the docket.)

9

evidence submitted by Plaintiff as compared with the evidence on the record available to the ALJ. 42 U.S.C. § 405(g); Szubak, 745 F.2d at 833; Cunningham, 507 F. App'x at 120.

The Commissioner does not dispute that the information regarding Plaintiff's hip surgery is "new" under the meaning of 42 U.S.C. § 405(g). (See Comm'r Br. [Docket Item 10], 27 n.10.) In order for information to be deemed "new" under 42 U.S.C. § 405(g), it must not be "merely cumulative of what is already in the record." Szubak, 745 F.2d at 833 (citing Bomes, 544 F.Supp. at 75–76). Information regarding Plaintiff's hip replacement surgery is not "cumulative" of other information contained within the administrative record that was before the ALJ in this case. As the ALJ stated in her thorough and reasoned opinion, the record before her reflected that the treatment of Plaintiff's hip condition had thus far been limited to certain injections aimed at relieving Plaintiff's pain and increasing her mobility. (Admin. Rec. [Docket Item 4] at 22-23.) Hip surgery is mentioned in the record as one of Plaintiff's potential future options, but was not characterized as likely, much less imminent. (Id.) Therefore, the Court finds that the evidence of Plaintiff's hip surgery, which took place approximately three months after the ALJ published her opinion, is "new" under the meaning of 42 U.S.C. § 405(g).

The Commissioner does not argue that the information regarding Plaintiff's hip surgery is not "material" under the meaning of 42 U.S.C. § 405(g). (See Comm'r Br. [Docket Item 10], 27 n.10.) In order to be "material," evidence must be "relevant and probative" and must "relate to the time period for which benefits were denied." Szubak, 745 F.2d at 833 (citing Chaney, 659 F.2d at 679; Ward, 686 F.2d at 765). The Court finds that the documents provided by Plaintiff relating to her hip replacement surgery are relevant to her disability claims, as osteoarthritis of her hip was a significant basis for seeking a disability determination. Therefore, these documents evidence treatment of a condition underlying Plaintiff's claims. The Court finds this information to be probative, because information relating to the chosen treatment for a given condition can be evidence of the severity of that condition. Finally, the Court finds that the information regarding Plaintiff's hip surgery "relate[s] to the time period for which benefits were denied," because evidence that a total hip replacement surgery would be undertaken within only a few months of the ALJ's decision could cast light upon the severity of Plaintiff's hip condition during the alleged disability period a few months earlier. The inference that the seemingly "conservative" treatment to which the ALJ alluded was in fact insufficient and unavailing is a conclusion the ALJ may draw.

This is especially true where the ALJ's interpretation of the other medical evidence on the record discounts numerous medical opinions in part because of the doctors' "limited" or "conservative" treatment of Plaintiff's conditions. (Admin. Rec. [Docket Item 4], 22-23.) Evidence that the treatment of Plaintiff's degenerative hip condition would escalate within only a few months to include a total hip replacement, could provide context for the other medical evidence on the administrative record and may lead to a determination that Plaintiff was indeed disabled within the meaning of the Social Security Act at some point between September 10, 2013, the alleged disability onset date, and February 9, 2017, the date of the ALJ's opinion. Therefore, the Court finds that the evidence of Plaintiff's hip surgery is "material" under the meaning of 42 U.S.C. § 405(g).

The Commissioner does not argue that Plaintiff lacks good cause for failing to incorporate information regarding Plaintiff's hip surgery into the record in a prior proceeding. (See Comm'r Br. [Docket Item 10], 27 n.10.) As Plaintiff had not undergone the surgery at the time of the ALJ's decision, none of the documentation relating to that surgery existed at the time of the ALJ's decision. Therefore, the Court finds that there is good cause for Plaintiff not having presented this information to the ALJ prior to the publication of her decision.

Therefore, the Court finds that the documentation offered by Plaintiff with regard to her total hip replacement surgery "is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding," and therefore the Court shall "order additional evidence to be taken before the Commissioner of Social Security" regarding this case. 42 U.S.C. § 405(g); Szubak, 745 F.2d at 833; Cunningham, 507 F. App'x at 120.

Ultimately, the task of weighing evidence and attaching due weight in determining its probative value upon remand is for the Commissioner, and this Court expresses no opinion other than that the Plaintiff has demonstrated that the record should be reopened upon remand so that due consideration may be given to this new and material evidence.

## V. CONCLUSION

For these reasons, the Court finds that this case should be remanded for the Commissioner to consider the new and material evidence regarding Plaintiff's hip condition and hip replacement surgery, as described, supra. An accompanying order will be entered.

**October 31, 2018**            **s/ Jerome B. Simandle**
Date                                           JEROME B. SIMANDLE
                                                  U.S. District Judge